**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 22-cr-460-JMY |
| vs. | : |
| | : |
| BRIAHEEM GRAY | : |

**MEMORANDUM**

**Younge, J.**                                                                                                  August 4, 2025

**I.      INTRODUCTION:**

Before this Court is Defendant's *Motion to Re-open and Supplement His Previous Motion to Suppress Physical Evidence* ("Def. Mot.").[1] (*Motion to Re-open and Supplement His Previous Motion to Suppress Physical Evidence* ("Def. Mot."), ECF No. 64.)  Defendant filed this Motion in response to the Court's Denial of Defendant's *Motion to Suppress* on April 28, 2025.  (ECF Nos. 55-56.)  Defendant now alleges that the Search and Seizure Warrant issued for 6746 Montgomery Avenue, Upper Darby, Pennsylvania, relied on false assertions and omissions of facts material to the finding of probable cause.  Defendant requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  For the reasons set forth in this Memorandum, Defendant's Motion for Reconsideration of the Court's Order that denied his Motion to Suppress Physical Evidence is granted to the extent that he seeks to relitigate issues set forth in his original Motion to Suppress Physical Evidence.  The Court Order and Memorandum (Order & Memorandum, ECF No. 55-56) that granted Defendant's *Motion to Suppress* is vacated.  However, Defendant's request for a *Franks* hearing is denied.  The Court will not conduct a *Franks* hearing.

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

## II.    PROCEDURAL HISTORY:

Defendant filed his original Motion to Suppress Evidence on November 7, 2024. (ECF No. 48.) The Government then filed its Response in Opposition to Defendant's Motion to Suppress Evidence on November 26, 2024 (ECF No. 49), and the Court scheduled a hearing on the Motion for March 16, 2025. (Def. Mot. at 1.) However, the Court resolved the issue without oral argument or an evidentiary hearing. (Order & Memorandum, ECF No. 55, 56.) Both Attorneys for the United States Government who were assigned to this matter represented in emails to the Court that they did not intend to call witnesses or introduce evidence beyond those exhibits attached to their brief in opposition to Defendant's Motion, and Defense Counsel made no request for an evidentiary hearing nor objection to the United States Government's contention that no evidentiary hearing was required to resolve the suppression motion. (*Id.* at 1 n.1.) The Court gave Notice of the Cancellation of Hearing on April 15, 2025 (ECF No. 53), and Denied Defendant's Motion, relying only upon all papers submitted in support thereof and in opposition thereto ("Four Corners Motion"). (Order & Memorandum, ECF No. 55-56.)

On May 16, 2025, after the Court denied Defendant's *Motion to Suppress Physical Evidence*, Defendant filed a *(Pro Se) Motion to Remove Counsel and Appoint New Counsel*. (*Motion to Remove Counsel and Appoint New Counsel*, ECF No. 57.) In this motion, Defendant essentially argued that Defense Counsel was ineffective for failing to call witnesses and present evidence at an evidentiary hearing and for failing to request a *Franks* hearing. (*Id.*) The Court listed Defendant's motion to remove counsel for a hearing which took place on June 4, 2025. (*Notice of Hearing*, ECF No. 58; *Minute Entry for Proceedings Held*, ECF No. 59.)

Defendant and his attorney, Mark T. Wilson, Esquire, along with counsel for the Government from the United States Attorney's Office were in attendance at the hearing. (*Id.*)

Counsel from the United States Attorney's Office briefly excused themselves from the Courtroom so that the Court could conduct *ex parte* proceedings with the Defendant and Defense Counsel. (*Id.*) During this proceeding, Defense Counsel admitted that he should have called witnesses and requested an evidentiary hearing in connection with Defendant's suppression motion. Defense Counsel then requested time to prepare a motion to reconsider and/or reopen the *Motion to Suppress Physical Evidence*. At the conclusion of this hearing, the Court granted Defendant's request for leave to file a motion to reconsider/reopen the issue of suppression of evidence. (Order, ECF No. 62.) The Court also denied Defendant's motion to remove Defense Counsel, Mark T. Wilson, Esquire. (*Id.*)

Defendant's motion to reconsider/reopen the Court's ruling on suppression of evidence is now before the Court. Specifically, Defendant requests a *Franks* hearing to challenge alleged false assertions and reckless omissions of material facts necessary for the finding of probable cause to issue a search warrant for 6746 Montgomery Avenue. *See Franks v. Delaware*, 438 U.S. 154 (1978).

### III.   FACTUAL BACKGROUND:

The Government alleges that on October 19, 2022, an individual (hereinafter "the Witness") was arrested by agents for the Federal Bureau of Investigation (FBI) and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in the Philadelphia area, and charged with selling firearms and methamphetamine to a confidential informant during controlled purchase operations under the supervision of law enforcement. (Gov't Resp. to Def.'s Mot. to Suppress, 2-4, ECF No. 49.) The Government further asserts that the Witness agreed to cooperate with the Government and informed agents that he had obtained the subject firearms and methamphetamine from an acquaintance he knew as "Trap" with the first name "Braheem." (*Id.*) The Government

alleges that the Witness told agents that "Trap" had delivered the contraband to the Witness on the dates of the controlled purchase operations. (*Id.*) Law enforcement officers who conducted surveillance during the controlled purchases by the confidential informant allegedly observed a vehicle that they believe was driven by the Defendant arrive on the scene to meet with the Witness on both of those occasions. (*Id.*)

FBI agents identified "Trap" as Defendant (Briaheem Gray) and, through surveillance efforts, located the house where they believed he was staying in Upper Darby – 6746 Montgomery Avenue, Upper Darby, Pennsylvania. (*Id.*) On November 15, 2022, a federal search warrant was issued in the Eastern District of Pennsylvania by United States Magistrate Judge David R. Strawbridge which authorized agents to search 6746 Montgomery Avenue for evidence of firearms and drug trafficking related offenses. (*Id.*)

On November 16, 2022, at approximately 6:00 a.m., FBI agents executed the search warrant for 6746 Montgomery Avenue. (*Id.*) On the nightstand directly next to where Defendant was sleeping, agents allegedly recovered a loaded semi-automatic pistol and a quantity of marijuana. (*Id.*) Inside the top drawer of that same nightstand agents allegedly recovered two Pennsylvania state identification cards bearing Defendant's name, "Briaheem S. Gray," as well as a bank card bearing his name, "Briaheem Gray," and an envelope addressed to "Briaheem Gray" at the residence – 6746 Montgomery Avenue. (*Id.*) A search of Defendant's person allegedly resulted in the seizure of crack cocaine contained in three small plastic bags as well as approximately $2,285 in U.S. currency in the pockets of the pants he was wearing. (*Id.*) The Government further alleges that a search of the same bedroom revealed a bulletproof vest stored between the mattress and the boxspring, as well as a backpack in the closet containing approximately 37 knotted baggies of crack cocaine, three digital scales, a razor blade, and over 80

empty capsules commonly used to package individual quantities of controlled substances. (*Id.*) Additional firearms and firearm parts were purportedly recovered from the basement. (*Id.*)

Defendant has five prior felony drug trafficking convictions in Philadelphia. As a result, he was not permitted to possess a firearm under federal law. (*Id.* at 4; Affidavit ¶ 16, ECF No. 50.) Defendant was indicted by the grand jury on December 14, 2022, and charged with possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count One); possession of a firearm by a felon, in violation 18 U.S.C. § 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Indictment, ECF No. 8.)

**A.    Factual Background – The Search and Seizure Warrant & Affidavit in Support of Probable Cause:**

The following facts are summarized from the Search and Seizure Warrant and the Affidavit submitted by Philadelphia Police Officer Gregory Stevens (hereinafter "Officer Stevens") in support of the Application for a Search Warrant for 6746 Montgomery Avenue. (Search and Seizure Warrant, ECF No. 50 at 8; Affidavit, ECF No. 50 at 13-25.) It is further alleged that the residence belonged to Naimah Butler. (*Id.*)

In June 2021, the FBI and ATF jointly investigated the Witness. (Affidavit ¶¶ 8-13.) In October 2022, the Witness sold firearms and/or methamphetamine to a confidential informant during two controlled purchase operations under the direction of law enforcement. (*Id.*) During the first controlled purchase on October 13, 2022, the informant purchased two firearms from the Witness after the Witness retrieved the firearms from a person driving a Dodge Charger ("Vehicle 1"). (*Id.*) During the second controlled purchase on October 18, 2022, the informant purchased a

firearm and methamphetamine from the Witness after the Witness again retrieved the contraband from a person driving Vehicle 1. (*Id.*)

On October 19, 2022, the Witness was arrested by law enforcement. (*Id.* ¶¶ 14-16, 21.) The Witness cooperated with the Government, and, in the presence of his attorney, the Witness proffered with the government. (*Id.*) During the proffer meetings, the Witness informed law enforcement that the driver of Vehicle 1 was a man he knew as "Trap," described as a black man in his early 40s with the first name "Briaheem[,]" who lived in a house in Upper Darby that the Witness had previously visited. (*Id.*) The Witness provided agents with "Trap's" two cellphone numbers. (*Id.*) On October 28, 2022, Officer Stevens showed a photograph of Defendant Gray (depicted as a black man, 41 years of age) to the Witness, and the Witness confirmed that Defendant was "Trap," the man who provided him with the guns and methamphetamine during the controlled purchase operations. (*Id.*) Officer Stevens ran a criminal history check on Defendant, revealing that he was wanted for a shooting incident involving his girlfriend, Ms. Butler, that allegedly occurred on November 1, 2021, at 6746 Montgomery Avenue. (*Id.*)

Officer Stevens also conducted a records check of the license plate on Vehicle 1 and determined it was a rental vehicle registered to Defendant's mother during the period encompassing the controlled purchase operations described above. (*Id.* ¶¶ 17-20.) Video surveillance footage from the car rental agency depicted Defendant and his mother returning Vehicle 1 on October 19, 2022. (*Id.*) Rental records established that on that same day Defendant's mother rented another vehicle, a Dodge Ram ("Vehicle 2"). (*Id.*)

On November 1, 2022, Officer Stevens averred that law enforcement surveillance established Vehicle 2 was parked behind 6746 Montgomery Avenue. (*Id.* ¶¶ 22-25.) On November 9, 2022, while conducting surveillance at 6746 Montgomery Avenue, Officer Stevens

observed a Chevrolet Camaro parked out front ("Vehicle 3"). (*Id.*) Records checks on Vehicle 3 revealed that it, too, was a rental vehicle registered in Defendant's mother's name, and was swapped out for Vehicle 2 on November 6, 2022. (*Id.*) On November 11, 2022, Officer Stevens observed Defendant arrive at 6746 Montgomery Avenue while driving Vehicle 3. (*Id.*) According to Officer Stevens, when Defendant exited Vehicle 3 on November 11, Defendant reached into his vehicle and then moved his hands toward his waist area, a movement that Officer Stevens believed was consistent with secreting a firearm. (*Id.*) Upon making these observations, TFO Stevens watched Defendant enter 6746 Montgomery Avenue. (*Id.*).

Officer Stevens then swore and attested to his conclusion that:

Based on the foregoing, I believe that [Defendant] is currently staying at [6746 Montgomery Avenue]. As of this writing, I know that [Defendant] is wanted by law enforcement in connection with the shooting incident at [6746 Montgomery Avenue] on November 1, 2021, and for not reporting to Philadelphia County Probation after the Delaware County warrant was issue on November 1, 2021.

(Affidavit ¶ 26.)

Officer Stevens went on to opine:

Based on my training and experience and my knowledge gained from conducting firearms trafficking investigations, I know that it is common for firearms traffickers who deal firearms to keep gun boxes, firearms sales receipts, and notes detailing sales-related information. Typically, as appears to be the case in this investigation, only the firearms are sold. The gun boxes, firearms sales receipts, business cards, and other items are left behind in traffickers' residences and vehicles. I believe it is likely that [Defendant] has obtained these firearms and other firearms from a straw purchaser, or someone who purported to buy a firearm for himself but then illegally transferred it to a person not authorized to possess a firearm (like Defendant). The investigation has revealed that Defendant sold three firearms to [the Witness] within approximately the last month, and that he possessed a firearm when he discharged it on November 1, 2021 at the [6746 Montgomery Avenue] (resulting in a warrant for his arrest). Further, based upon my surveillance of [Defendant] on November 11, 2022 at [6746 Montgomery Avenue], I observed him move his hands near his waistband when he exited VEHICLE 3. I believe, based upon my training and experience as a law enforcement officer, that [Defendant's] movements at that time were consistent with him concealing a firearm in his midsection.

7

>Based on above facts, and coupled with my training and experience, I submit that there is probable cause to believe that there is and will be, evidence of violations 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon), 18 U.S.C. § 933 (trafficking in firearms); 18 U.S.C. § 924(a)(1)(A) (straw purchasing); 21 U.S.C. § 841(a)(1) (distribution of controlled substances), and 18 U.S.C. § 2 (aiding and abetting these crimes) inside of [6746 Montgomery Avenue] described in further detail in Attachment A, and that the items outlined on Attachment B will be found therein. This application seeks authority to enter [6746 Montgomery Avenue] and to search for and seize fruits, evidence, and/or instrumentalities of the Subject Offenses. Accordingly, I respectfully request that the Court issue a search warrant for [6746 Montgomery Avenue].

(*Id.* ¶¶ 27-28.)

On November 15, 2022, the Honorable David R. Strawbridge, now-retired U.S. Magistrate Judge, reviewed Officer Stevens' Affidavit and determined there was probable cause to conduct a search of 6746 Montgomery Avenue and seize evidence related to the crimes under investigation. The Warrant was issued on November 15, 2022, and executed the next day.

### IV. LEGAL STANDARD (Motion for Reconsider):

Defendant filed a *Motion to Re-open and Supplement His Previous Motion to Suppress Physical Evidence* which is essentially a motion to reconsider. Therefore, the Court will apply the same standard applicable to a motion to reconsider. Litigants may file motions for reconsideration to allow courts "to correct manifest errors of law or fact" and to "present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1985). "Courts will reconsider an issue when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n.8 (3d. Cir. 1995); *see also United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (finding that motions to reconsider in criminal proceedings also need "compelling reasons, such as a change in the law which reveals that an earlier ruling was erroneous…."). "Where evidence is not newly discovered, a party may

8

not submit that evidence in support of a motion for reconsideration." *Harsco Corp.*, 779 F.2d at 909.  In short, "it is improper… to ask the Court to rethink what [it] had already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); *see also Dupree*, 617 F.3d at 732 ("[Motions to reconsider are] not for addressing arguments that a party should have raised earlier.").

**V.    DISCUSSION:**

Defendant *Moves to Re-open and Supplement His Previous Motion to Suppress Physical Evidence*.  Defendant neither argues that there has been any intervening change in controlling law, nor that the Court has engaged in "clear error" or "manifest injustice."  As a result, Defendant must base his *Motion to Reconsider* on newly discovered evidence, which Defendant fails to do.  Instead, Defendant argues that key evidence was omitted from the Affidavit of Probable Cause which would have altered the validity and accuracy of the evidence that Judge Strawbridge relied upon in making his determination of probable cause to issue a search warrant for 6746 Montgomery Avenue.  The purported omissions asserted by Defendant can be summarized as follows:

i. That Officer Stevens did not confirm having seen the video recording made by Confidential Source 1 ("CS-1") to confirm that (1) Defendant provided drugs and firearms to the Witness and (2) that Defendant's vehicle was in the vicinity of the sale;
ii. That Officer Stevens did not confirm whether the Witness texted one of two phones attributed to Defendant at the time of the transaction on October 13, 2022;
iii. That the affidavit did not indicate whether the Witness entered into a cooperation plea agreement with the government which would be relevant to the Witness's credibility;
iv. That the affidavit did not confirm whether there was any attempt by the Government to determine who purchased and/or provided the firearms to Defendant; and
v. That the affidavit did not include information about the Government's investigation of missing or stolen firearms from the Philadelphia Sheriff's Office, nor whether the serial numbers on those missing firearms were

9

> compared to the serial numbers purchased by CS-1 during the controlled purchase operations.

(Def. Mot. at 2-4.)

Defendant relies only on new interpretations of an Affidavit of Probable Cause and the omission of evidence therein. Although the Court has the authority to deny Defendant's Motion altogether, the Court will exercise its discretion and grant Defendant the opportunity to relitigate issues previously set forth in his original *Motion to Suppress Physical Evidence* because both the Defendant and his Counsel agree that Counsel should have requested an evidentiary hearing to consider the issues contained in the motion. However, the Court will not conduct a *Franks* hearing because Defendant has failed to carry his burden of proof.

To be entitled to a *Franks* hearing, a defendant must make a "substantial preliminary showing" that the affidavit contained a false statement or an omission of fact, made knowingly or with reckless disregard for the truth, that was material to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Yusuf*, 461 F.3d 374, 383-84 (3d. Cir. 2006). "[D]efendant must ultimately prove by a preponderance of evidence that (1) the affiant knowingly and deliberately, or with a reckless disregard for truth, made false statements or omissions that created a falsehood in applying for a warrant; and (2) such statements or omissions were material, or necessary, to the probable cause determination." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d. Cir. 1997) (*citing Franks*, 438 U.S. at 171-72).

In *Wilson v. Russo*, 212 F.3d 781, 787 (3d. Cir. 2000), the Third Circuit supplied standards to identify what constitutes "reckless disregard for the truth:"

> [O]missions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would want to know; and (2) assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting.

*Id.* at 783.

When demonstrating that the affiant omitted a material fact or included a false statement with the requisite *mens rea*, proving "negligence or innocent mistake is insufficient." *Yusuf*, 461 F.3d at 383. In addition, the Third Circuit has recognized a distinction between misrepresentations and omissions for purposes of determining whether deficiencies in the affidavit are "material." *Id.* at 383-84. When faced with an alleged affirmative misrepresentation, the court is required to excise the claimed false statement from the affidavit. In contrast, when faced with a putative omission, the court must remove the "falsehood created by an omission by supplying the omitted information to the original affidavit." *Sherwood*, 113 F.3d at 400; *see Yusuf*, 461 F.3d at 383-84. An alleged misrepresentation or omission is material if the affidavit fails to contain probable cause once the alleged misrepresentation or the falsehood created by an omission has been removed. *Sherwood*, 113 F.3d at 399. If the affidavit still contains probable cause to support the warrant once the material is excised, the defendant has failed to meet his burden under *Franks*. *Id.* at 402.

A.  **Defendant Fails to Meet His Burden by Establishing a Substantial Preliminary Showing that Officer Stevens Omitted Material Information with Reckless Disregard for the Truth:**

Defendant fails to establish that alleged omissions were material to the finding of probable cause in support of Judge Strawbridge's decision to issue a search warrant for 6746 Montgomery Avenue. Defendant fails to establish how any of the alleged omission would have created reasonable doubt or called into question the validity of the factual evidence that Officer Stevens included in the Affidavit of Probable Cause that was supplied to Judge Strawbridge. Defendant fails to establish that the inclusion of omitted evidence would have been sufficient to defeat Judge Strawbridge's finding of probable cause because Officer Stevens relied on observations made by himself and fellow law enforcement officers during an independent police investigation into

11

Defendant's alleged criminal behavior. The Affidavit of Probable Cause submitted by Officer Stevens states that he independently:

i. Observed the Witness retrieve firearms from a person driving Vehicle 1 on October 13, 2022;
ii. Observed the informant purchase a firearm and methamphetamine from the Witness after the Witness retrieved the contraband from a person driving Vehicle 1;
iii. Conducted a criminal history check on Defendant, revealing that he was wanted for a shooting incident involving Ms. Butler that allegedly occurred on November 1, 2021, at 6746 Montgomery Avenue;
iv. Conducted a records check of the license plate on Vehicle 1 and determined it was a rental vehicle registered to Defendant's mother during the period encompassing the controlled purchase operations;
v. Observed video surveillance footage from the car rental agency depicting Defendant and his mother returning Vehicle 1;
vi. Reviewed records that established that, on the same day as returning Vehicle 1, Defendant's mother rented Vehicle 2;
vii. Confirmed that law enforcement surveilled Vehicle 2 parked behind 6746 Montgomery Avenue on November 1, 2022;
viii. Confirmed that law enforcement surveilled Vehicle 3 parked at the same address, also registered to Defendant's mother;
ix. Observed Defendant arrive at the address while driving Vehicle 3 on November 11, 2022;
x. Observed Defendant reach into his vehicle and move his hands toward his waist area, a movement that Officer Stevens believed was consistent with secreting a firearm; and
xi. Observed Defendant enter 6746 Montgomery Avenue.

(Affidavit ¶¶ 14-25.) The affidavit used to find probable cause for a search warrant of 6746 Montgomery Avenue relies principally upon police observations independent from any of the alleged omissions cited by Defendant in support of a request for a *Franks* hearing. Therefore, Defendant has not made a substantial preliminary showing that the alleged omissions are material to Judge Strawbridge's finding of probable cause.

Beyond failing to establish that Officer Stevens omitted material information from the Affidavit of Probable Cause, Defendant also fails to establish the requisite *mens rea* required to

show that Officer Stevens omitted information from the affidavit with reckless disregard for the truth.  Defendant neither shows, nor even argues, that these omissions go beyond mere negligence or innocent mistake.  Defendant does not supply any convincing rationale as to why the Court should construe these omissions as *reckless*.

**B.      Defendant Does Not Make a Substantial Preliminary Showing that Officer Stevens Provided False Assertions with Reckless Disregard for the Truth:**

Defendant does not make a substantial preliminary showing that Officer Stevens knowingly and deliberately – or with reckless disregard for the truth – made false allegations that Defendant sold firearms and narcotics. As outlined previously, Officer Stevens' affidavit stated that Vehicle 1 was present in the vicinity of the October 13, 2022, and October 18, 2022, controlled purchases of firearms and drugs.  Officer Stevens conducted an investigation the results of which suggested that Defendant drove Vehicle 1, and Defendant does not deny Vehicle 1's presence at the controlled purchases.  (Def. Mot. at 2.)  However, Defendant now denies that he provided any firearms or drugs to the Witness.  (*Id.*)  In doing so, Defendant implies that Officer Stevens' made a false assertion when he averred that "Defendant sold three firearms to [the Witness] within approximately the last month [before the search warrant]."  (Affidavit ¶ 27.)  However, Defendant fails to show that Officer Stevens made these assertions with obvious reasons to doubt the truth of what Officer Stevens averred in the Affidavit of Probable Cause.  As stated earlier, Officer Stevens arrived at these conclusions through firsthand observation and thorough police investigation during and after the controlled purchases.

13

## VI. CONCLUSION:

For the reasons discussed above, Defendant's *Motion to Re-open and Supplement His Previous Motion to Suppress Physical Evidence* is granted to the extent that he seeks permission to relitigate issues raised in his *Motion to Suppress*. The Court will vacate its Order and Memorandum (ECF No. ECF No. 55-56) that denied Defendant's *Motion to Suppress*. Defendant's request for a *Franks* hearing is denied. An appropriate Order will be entered by the Court along with this Memorandum.

**BY THE COURT**:

 /s/ John Milton Younge
Judge John Milton Younge