#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | : |
|  | :  No. 22-cr-460-JMY |
| vs. | : |
|  | : |
| BRIAHEEM GRAY. | : |

### ORDER

**AND NOW**, this 4th day of August, 2025, upon consideration of Defendant's *Motion to Re-Open and Supplement His Previous Motion to Suppress Physical Evidence* (ECF No. 64), all papers submitted in support thereof and in opposition thereto, and for the reasons set forth in a separate Memorandum filed by the Court along with this Order (ECF No. 64), it is hereby **ORDERED** that Defendant's Motion is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's *Motion to Re-Open and Supplement His Previous Motion to Suppress Physical Evidence* is **GRANTED** to the extent that he seeks to relitigate issues previously set forth in his original Motion to Suppress Physical Evidence (ECF No. 48);

2. The Court Order and Memorandum (Order & Memorandum, ECF No. 55-56) filed by the Court that denied Defendant's Motion to Suppress Physical Evidence is **VACATED**, and the Clerk of Court is **DIRECTED** to reopen the suppression motion on the docket; and

3. To the extent Defendant seeks to conduct a *Franks* hearing, Defendant's request for a *Franks* hearing is **DENIED**.

It is further **ORDERED** that the *(Pro Se) Defendant's Motion for Reconsider* (ECF No. 69) is **DENIED** as MOOT because the Court has agreed to reconsider and reopen the record on Defendant's *Motion to Suppress Physical Evidence* – the Court has vacated its prior ruling on said Motion.

The *(Pro Se) Defendant's Motion to Substitute Counsel* (ECF No. 72) is **DENIED**.[1]

**BY THE COURT**:

 /s/ John Milton Younge  
Judge John Milton Younge

---

[1] In his *(Pro Se) Motion to Substitute Counsel*, Defendant argues that defense counsel, Mark T. Wilson, Esquire, is ineffective and should be removed. Defendant argues ineffective assistance of

counsel based on defense counsel's failure to call witnesses to testify at the suppression of evidence hearing scheduled on Defendant's motion to suppress evidence which resulted in the Court canceling that hearing.

Defendant's *(Pro Se) Motion to Substitute Counsel* is denied because defense counsel Wilson has filed a supplemental motion on behalf of Defendant in which he seeks a suppression of evidence hearing including a *Franks* hearing. The Court has agreed to conduct a suppression of evidence hearing, but has denied the specific request for a *Franks* hearing. Therefore, Defendant's explanation for his request for new replacement counsel is moot. Defense counsel Wilson now seeks to call witnesses and advocates for an evidentiary hearing on suppression of evidence.