**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-460 |
| BRIAHEEM GRAY<br>    a/k/a "Trap" | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Justin Ashenfelter and J. Jeanette Kang, Assistant United States Attorneys for the District, hereby files this sentencing memorandum. The defendant, Briaheem Gray, is scheduled to be sentenced on August 4, 2026.

## I.     BACKGROUND

On April 22, 2026, Gray was convicted by his plea of guilty on Counts One, Two, and Three of the indictment, charging him with possession with intent to distribute 28 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count One); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).

The facts of this case are detailed in the Presentence Investigation Report ("PSR") and in the government's Trial Memorandum [Doc. 90]. In summary, on November 16, 2022, FBI

1

agents executed a federal search warrant at Gray's residence in Upper Darby and recovered a loaded pistol on his nightstand and a quantity of crack cocaine in his pants pockets and in a backpack in his bedroom; additional drug paraphernalia including a digital scale, empty containers used to package crack cocaine, $2,285.00 in cash, and a ballistic vest were also recovered from the bedroom. Following Gray's arrest for possessing these items, he admitted to agents that the seized contraband belonged to him and that he carried a firearm with him when he sold crack cocaine. By that time, Gray had amassed five state felony drug trafficking convictions as an adult and, as a result, he was prohibited from possessing firearms under federal law. Indeed, he committed the instant offenses while he was on probation in Philadelphia County for a drug trafficking conviction in 2013.

The government and Gray entered into a plea agreement upon entry of his guilty plea. Pertinently, the terms of the agreement provide that the government will recommend a sentence of 10 years' imprisonment, that is, the mandatory minimum sentence. Gray's exposure to prison is much higher, however. The maximum sentence the Court could impose is lifetime imprisonment. Based upon Gray's criminal history, he qualifies as a Career Offender, and the advisory range of imprisonment is 262-327 months.

## II.    SENTENCING GUIDELINES CALCULATION

### A.    <u>Statutory Maximum and Mandatory Minimum Sentence</u>

For Count One (possession with intent to distribute controlled substances), the minimum term of imprisonment is 5 years and the maximum term is 40 years, pursuant to 21 U.S.C. §

841(a)(1), (b)(1)(B). For Count Two (possession of a firearm by a felon), the maximum term of imprisonment is 15 years, pursuant to 18 U.S.C. § 922(g)(1). For Count Three (possession of a firearm in furtherance of a drug trafficking crime), the minimum term of imprisonment is 5 years to run consecutive to any other sentence of imprisonment imposed, and the maximum term of imprisonment is life, pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

Accordingly, Gray faces a 10-year mandatory minimum term of imprisonment up to lifetime imprisonment. He faces up to 5 years of supervised release to follow his incarceration, and a maximum fine of $5,500,000. A $300 special assessment is required. Forfeiture of the firearms and ammunition seized from his residence will be ordered based upon his conviction and the terms of his plea agreement with the government.

**B.      Sentencing Guidelines Calculation**

Gray is a Career Offender, so his offense level is increased to 34, as the statutory maximum sentence on Count One is more than 25 years. PSR ¶ 30.[1] Gray accepted responsibility and notified the government of his intention to plead guilty once new counsel was appointed; accordingly, he is eligible for a 3-level reduction in the offense level pursuant to USSG §§ 3E1.1(a), (b). PSR ¶¶ 31-32. The total offense level is 31. PSR ¶ 33. Gray has 16 criminal history points, and he is a Career Offender, so he is in criminal history category VI. PSR ¶¶ 47-48. Therefore, the applicable guideline range is 262-327 months' imprisonment. PSR ¶ 95.

---

[1] Otherwise, pursuant to USSG § 2K2.1(a)(1), the base offense level is 26 because the offense involved a semi-automatic firearm capable of accepting a large capacity magazine and Gray had at least two prior convictions for a controlled substance offense. PSR ¶ 24.

### III.    CONSIDERATION OF THE 3553(a) FACTORS

The Supreme Court has declared, "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

The Court must consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a), in determining the appropriate sentence in this case. The Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[2] Restitution is

---

[2] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that

not an issue in this case.

### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

Briaheem Gray is a 44-year-old citizen of the United States. His upbringing reportedly started in a stable household, but his father used crack cocaine and that drug abuse led to his parents' separation. The defendant was thereafter put in juvenile placement for a period. He has fathered eight children from eight separate relationships. He maintains some contact with a few of his children. One of the defendant's sons was murdered and another son is incarcerated for committing murder. Based on the defendant's own admission, he never had a "real job" and instead he supported himself by selling drugs. As an adult, the defendant's criminal history started in 2002, when he was 21. Since then, he was convicted of five felony drug offenses in Philadelphia. He was routinely sentenced to terms of imprisonment of 11.5 to 23 months, except on one occasion in 2006, when he was sentenced to 2 to 5 years' imprisonment. Indeed, for most of Gray's life he has been on court supervision while not incarcerated, and he regularly violated the terms of his supervision by committing more drug crimes.

Gray has proven to be a recidivist drug trafficker. Short terms of incarceration and supervision have not been successful in deterring him from selling drugs. He does not appear capable of doing much else.

---

the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (quoting *United States v. Navedo-Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

**B.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Gray was involved in committing serious offenses. He knew drug trafficking is dangerous so he carried a gun when he sold drugs. He knew the consequences of engaging in dangerous and illegal behavior, yet he continued to do so with impunity. Sad but true, Gray trafficked the very drug that drove a spike through his family unit, resulting in the separation of his parents and the downward spiral that eventually brought him to this stage of his life. He lost two sons to gun violence – one who was shot and killed and another who used a gun to kill. Confoundingly, Gray persisted in possessing a gun while engaging in his own crimes. He played an integral role in keeping the drug trade alive and thriving in the city he calls home. Congress has mandated that the offense of conviction is punishable by at least 10 years. Such a sentence will incapacitate the defendant for a far longer period than previous sentences. Perhaps being imprisoned until he is in his 50s will extinguish Gray's desire to engage in criminal activity upon his release. At least during that period, the public need not worry about Gray reoffending. His criminal record suggests that nothing will really make him respect the law or appreciate the seriousness of his crimes, but a lengthy sentence will provide just punishment and provide him with a selfish incentive to avoid prison by leading a law-abiding life once he is released.

**C.     The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

The sentence the Court imposes should provide both specific and general deterrence to criminal conduct. Congress has mandated that the offenses of conviction are punishable by at

6

least 10 years. A lengthy sentence of imprisonment is the only solution in this case. It is possible

Gray will be deterred by spending a decade in prison. General deterrence will be served when the

sentence imposed on the conviction is made public.

**D.      The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

There is no known need in this case to adjust the sentence in order "to provide the

defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner . . . ." § 3553(a)(2)(D). A guideline sentence will afford

him ample opportunity to pursue training, education, care or treatment, should he desire to,

through the various educational opportunities provided to inmates within the Bureau of Prisons.

**E.      The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The government recognizes that its recommendation falls far below the bottom of the

applicable guideline range. This is a recommendation only and is not binding on the Court. The

Court may, in its discretion, impose a within-guideline sentence for a Career Offender and that

would be procedurally and substantively reasonable. *See United States v. Valentin*, 21-2639 (3d

Cir. Oct. 7, 2024) (precedential) ("'As long as a sentence falls within the broad range of possible

sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm.'")

(citing *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008)). The government's expectation

is that a lengthy sentence will deter Gray from committing future crimes. At the very least, it will

keep him off the streets and stop him from selling crack cocaine.

7

## IV.    RESTITUTION

Restitution is not an issue in this case. The defendant has agreed to forfeit his right, title and interest in the firearms and ammunition seized from his house.

## V.    CONCLUSION

Consistent with the terms of the plea agreement, the government recommends the Court impose the mandatory minimum sentence in this case, that is, 10 years' imprisonment to be followed by 4 years of supervised release.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Justin Ashenfelter*
JUSTIN ASHENFELTER
J. JEANETTE KANG
Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the Government's Sentencing Memorandum has

been served by ECF upon:

Kenneth C. Edelin, Esq.
kedelinlaw@gmail.com


*/s/ Justin Ashenfelter*
JUSTIN ASHENFELTER
Assistant United States Attorney


Date: July 24, 2026